## HENRY WILLIAMS v. THE STATE.

### No. 4628.  Decided March 17, 1909.

### Rehearing Denied April 14, 1909.

**Local Option—Agency—Accommodation.**

Where upon trial of a violation of the local option law the evidence raised the issue of agency, friendship and accommodation, which theories were submitted in the charge of the court, etc., the conviction will not be disturbed.

Appeal from the County Court of Johnson. Tried below before the Hon. F. E. Adams.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Phillips & Bledsoe,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This appeal is from a local option conviction. 1. The contention of appellant is, that the evidence is not sufficient to sustain the conviction. The witness Pollard, for the State, testified that she had known appellant for about ten years, and that on the first day of December, 1908, she saw him down on Henderson street, in the city of Cleburne, by the side of a little store-room. There was a tent where they took pictures, and the next house was a little store-room, in which was a side door near the tent; that she went to the store and knocked on the side door. Appellant came to where she was and asked her what she wanted. She told him that she wanted some whisky, and gave him fifty cents. He turned, went back in the house, and in a few seconds brought witness a pint of whisky. Appellant's version of it is that he had known the witness Pollard ever since she was a little girl. That they had been friends; that he had frequently gone to her house, and had been with her a

great deal. That he remembered several weeks ago of getting some whisky for her, and describes the place as did the witness Pollard. The house was closed when the witness Pollard came and knocked on the door; that he was in the house cleaning up. Upon answering her call she informed him she wanted some whisky, and gave him half a dollar with which to get it. He took the money, went back through the house, called a man by the name of Marshall, and obtained a pint of whisky. That he paid the identical money that witness Pollard had given him for the whisky, that he had no interest in the trade, and that his getting whisky for her was but a matter of friendship and accommodation; that he made nothing by the trade; that he took the whisky out and immediately gave it to the witness Pollard. That the whole transaction covered two or three minutes—just long enough, at least, to get through the house, call Marshall and get the whisky. He says he and the witness Pollard were good friends, and he got it for her as an act of friendship. That Pollock and Newberry, for whom he was cleaning up, had been running a cigar, tobacco and frosty business. He says that he had gotten whisky from Marshall before, and that Marshall had informed him that he could get it, as he, Marshall, had some to sell. That he had seen Marshall a few moments before the witness Pollard came, and that when she asked him to get her some whisky he knew he could get it from Marshall, so he took her money, went to Marshall and obtained the whisky, and gave it to the witness Pollard. This is the substance of the testimony. Both theories were submitted in the charge by the court, and then an additional instruction was given at the request of appellant, pertinently submitting his theory of agency and friendship for the witness Pollard in obtaining the whisky. The jury found adversely to appellant's contention. Under the authorities we would not feel justified in reversing the judgment.

We therefore order that the judgment be affirmed.

*Affirmed.*

[Rehearing denied April 14, 1909.—Reporter.]